## Purchase of Supplies by State Institutions

ARNOLD, Deputy Attorney General, January 9, 1935.—You have called our attention to the practice of a number of State institutions of making purchases of paper, stationery, and printed material, such as school invitations, etc., without seeking bids and awarding the work to the lowest bidder. These purchases are usually small in amount. Some purport to have been made under the authority given by the Department of Property and Supplies under section 507 of The Administrative Code of April 9, 1929, P. L. 177, to the institutions to make direct purchases of less than $10, although the bills disclose that they cover items on the general schedules and thus appear, at least, to be violations of that privilege: See Emergency Purchases by State Institutions, 20 D. & C. 569. Other purchases were confirmed by the Department of Property and Supplies as though originally made through and by that department. Your question is whether such purchases by or for the institutions without public bidding are legal.

Article III, sec. 12 of the State Constitution provides:

"All stationery, printing, paper and fuel used in the legislative and other departments of government shall be furnished, and the printing, binding and distributing of the laws, journals, department reports, and all other printing and binding, and the repairing and furnishing the halls and rooms used for the meetings of the General Assembly and its committees, shall be performed under contract to be given to the lowest responsible bidder below such maximum price and under such regulations as shall be prescribed by law; no member or officer of any department of the government shall be in any way interested in such contracts, and all such contracts shall be subject to the approval of the Governor, Auditor General and State Treasurer."

Section 2403(b) of The Administrative Code requires the Department of Property and Supplies to award contracts in accordance with that constitutional provision.

The constitutional mandate is clear, and we see no way in which purchases of stationery, printing, etc., may be justified except as they are made in the prescribed manner. The suggestion has been made that the language of the Constitution does not apply to State institutions, since it speaks of stationery, printing, paper and fuel used in the legislative and other "departments" of the government. But the State institutions are within State administrative departments. Some of them are operated directly by the departments, and others are under the direction of boards of trustees which are within the administrative departments. We could not bring ourselves to draw any distinction such as that suggestion would necessitate.

Therefore, we advise you that purchases of paper, stationery, and printing by or for State institutions may be made only by contract awarded to the lowest responsible bidder, and purchases made otherwise should not be approved, regardless of the circumstances.